UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., <br><br> **Plaintiff,** <br><br> v. <br><br> KHAN HOTELS LLC, RASHAD KHAN, and IRAM KHAN <br><br> **Defendants.** | Civ. No. 16-2477 (KM)(JBC) <br><br> OPINION |

**MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the unopposed motion of Plaintiff Ramada Worldwide Inc. ("Ramada") for default judgment against Defendants Khan Hotels LLC ("Khan Hotels"), Rashad Khan ("Rashad") and Iram Khan ("Iram"). For the reasons set forth below, I will enter default judgment against all three defendants. Ramada is awarded $70,969.89 in liquidated damages and interest. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**BACKGROUND**

    Ramada is a Delaware corporation with its principal place of business in New Jersey. (Complaint, ECF no. 1 ("Compl.") ¶ 1) Khan Hotels is a limited liability company organized under the laws of and maintaining its principal place of business in Colorado. (Id. ¶ 2) Rashad and Iram are principals of and the only constituent members of Khan Hotels and are citizens of New York. (Id. ¶¶ 3–5)

    This suit arises from a franchise agreement entered into between Ramada and Khan Hotels on December 30, 2011 ("Franchise Agreement") pursuant to which Khan Hotels was to operate a 69-room hotel under the

1

Ramada name in Colorado Springs, Colorado for a period of fifteen years. (Compl. ¶¶ 10-11) Rashad signed the Franchise Agreement on behalf of Khan Hotels. (Compl., Ex. A (Franchise Agreement) p. 26)[1] On the same day, Rashad and Iram also executed a guaranty of Khan Hotels' obligations under the Franchise Agreement ("Guaranty"). (Compl. ¶¶ 19, Guaranty) The Guaranty committed Rashad and Iram to make any unpaid payments on behalf of Khan Hotels in the event that Khan Hotels defaulted under the Franchise Agreement, due immediately upon default. (Compl. ¶ 20, 47) The Guaranty also committed Rashad and Iram to pay costs, including reasonable attorney's fees, that Ramada might incur in enforcing the Guaranty or Franchise Agreement. (Compl. ¶ 21)

Under the terms of the Franchise Agreement, Khan Hotels was obligated to make periodic payments to Ramada for royalties, taxes, and a variety of fees, which are collectively defined by the Franchise Agreement as "Recurring Fees." (Compl. ¶ 12; see Franchise Agreement § 7, Appendix A p. 31, Schedule C) In order to calculate the royalties owed, Khan Hotels undertook to prepare and submit to Ramada monthly gross room revenue reports. (Compl. ¶ 14; Franchise Agreement § 3.6) Khan Hotels was also obligated to maintain accurate books and records and to allow Ramada to audit those documents. (Compl. ¶ 15) The Franchise Agreement also provided for "Liquidated Damages" calculated under a specific formula, which Khan Hotels was to owe in the event of termination of the Franchise Agreement pursuant to section 11.2. (Compl. ¶ 17; Franchise Agreement § 12.1)

---

[1] Hereinafter, citations to the "Franchise Agreement" refer to the document appended to the Complaint as Exhibit A (ECF no. 1) and also the Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default (ECF no. 7-3) (hereinafter "Fenimore Aff.") as Exhibit A (ECF no. 7-3).

Citations to the "Guaranty" refer to the document appended to the Complaint as Exhibit B (ECF no. 1) and to the Fenimore Aff. as Exhibit B (ECF no. 7-3).

Citations to the "Notice of Termination" refer to the document appended to the Complaint as Exhibit C (ECF no. 1) and to the Fenimore Aff. as Exhibit C (ECF no. 7-3).

Section 11.2 of the Franchise Agreement provided that Ramada could terminate the agreement, *inter alia*, if Khan Hotels discontinued operating the property as a Ramada-branded hotel. (*Id.* ¶ 16; Franchise Agreement § 11.2) On August 4, 2015, Khan Hotels "unilaterally terminated" the Franchise Agreement by ceasing to operate the subject hotel as a Ramada facility. (Compl. ¶ 22)[2] Ramada then acknowledged Khan Hotels' termination of the Franchise Agreement, effective August 4, 2015, by letter dated September 4, 2015. (Compl. ¶ 23) The letter also advised Khan Hotels it was required to pay to Ramada Liquidated Damages in the sum of $45,269.52 and outstanding Recurring Fees and other charges under the Franchise Agreement. (*Id.*)

On May 3, 2016, Ramada filed its complaint in this action. The complaint asserts causes of action sounding in breach of contract and unjust enrichment for the defendants' failure to remit payment on the Recurring Fees and Liquidated Damages. Additionally, the complaint seeks an accounting from Khan Hotels for all revenue derived at its Ramada-branded hotel from inception through the termination of the Franchise Agreement. (Compl. Count 1)

Although served (*see* ECF no. 5 (Affidavit of Service)), the defendants have not answered the complaint. On August 10, 2016, the clerk entered default against Khan Hotels, Rashad, and Iram. (Certification of Byan P. Couch in Support of Motion for Final Judgment by Default, dated August 30, 2016, ECF no. 7-2 ("Couch Cert") ¶ 8) On August 31, 2016, Ramada filed this motion for a default judgment against Khan Hotels, Rashad, and Iram. (ECF no. 7) Ramada seeks (a) $70,969.89 in unpaid Recurring Fees and interest, and (b) $54,108.24 for Liquidated Damages and interest, for a requested award of $125,078.13. (Fenimore Aff. ¶¶ 17–26) In the alternative to Liquidated

---

[2] On a motion for default judgment, "defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12–5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). I therefore recite the facts Ramada alleges. I note, however, that pursuant to the terms of the Franchise Agreement, it would have been Ramada's choice to terminate the Franchise Agreement when Khan Hotels stopped using the Ramada name. No discernible provision of the contract indicates that Khan's action constituted automatic "unilateral termination".

3

Damages, Ramada requests actual damages "in an amount to be determined at trial, together with interest, attorney's fees, and costs of suit." (Compl. ¶¶ 36, 49).

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**LEGAL STANDARD AND DISCUSSION**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2. While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

**I.  Prerequisites for Entry of Default Judgment**

Before a court may enter default judgment against a defendant, the

4

plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of individuals, such as Rashad and Iram, may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as Khan Hotels, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in

5

accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

Here, the prerequisites for default judgment have been met. The complaint was filed on May 3, 2016. (ECF no. 1) Despite diligent efforts and inquiry, Ramada was unable to personally serve Khan Hotels, Rashad, Iram, or any person authorized to receive service on behalf of Khan Hotels. (ECF no. 5; Couch Cert. ¶¶ 4–6) Ramada did, however, successfully serve the Summons and Complaint on July 11, 2016 via regular and certified mail as permitted by N.J. Ct. R. 4:4-4(b)(3). (Couch Cert. ¶ 6) The defendants had twenty-one days (until August 5, 2016) to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against the defendants on August 10, 2016. (Couch Cert. ¶ 8; see ECF no. 6) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. See Gold Kist, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

The evaluation of the first factor is complicated, of course, by the defendants' failure to answer or to oppose this motion. My independent review of the record, however, does not suggest that the claims asserted by Ramada against the defendants are legally flawed or that any defendant could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Ramada has successfully stated claims for relief as against Khan Hotels, Rashad, and Iram.

The complaint asserts six causes of action: action for an accounting by Khan Hotels to Ramada pursuant to the Franchise Agreement (Count 1); breach of contract against Khan Hotels for premature termination of the Franchise Agreement seeking liquidated or, in the alternative, actual damages (Counts 2 and 3); breach of contract and unjust enrichment against Khan Hotels for failing to remit payment on the Recurring Fees (Counts 4 and 5); and breach of the Guaranty against Rashad and Iram, in their capacities as guarantors, for failing to pay the Recurring Fees and liquidated or actual damages for premature termination on behalf of Khan Hotels (Count 6). (Compl. ¶¶ 25–49)

Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements are satisfied, at least with respect to the defendants' failure to remit liquidated damages. The certification and affidavit submitted in support of Ramada's motion and the exhibits annexed thereto corroborate Ramada's factual allegations on this point. Both the Franchise Agreement and Guaranty are valid and enforceable contracts. Those contracts were breached by Khan Hotels' failure to pay Ramada outstanding Recurring Fees and other fees and

charges[3] as well as liquidated damages due upon termination of the Franchise Agreement[4], and by Rashad's and Iram's failures to personally pay the same.[5] As a result, Ramada has accrued damages.[6]

In sum, the facts alleged by Ramada state a claim for breach of the Franchise Agreement against Khan Hotels and breach of the Guaranty against Rashad and Iram. I cannot discern a meritorious defense to these claims from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. All defendants were properly served on July 11, 2016 but have failed to appear and defend themselves in any manner. It is clear that Ramada has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension*

---

[3] (*See* Franchise Agreement § 7.1 ("You will pay us certain 'Recurring Fees' each month of the Term . . . ."); *id.* § 7.3 ("'Interest' is payable when you receive our invoice on any past due amount payable to us under this Agreement at the rate of 1.5% per month . . . ."); *id.* § 13.2 ("You will pay all amounts owed to us under this Agreement within 10 days after termination."); Fenimore Aff. ¶¶ 16–17, Ex. C (notice of termination) (stating Khan Hotels must perform certain post-termination obligation, pay Liquidated Damages, and "any outstanding Recurring Fees and any other fees and charges through the Termination Date"); *see also* Franchise Agreement § 11.2 ("[Ramada] may terminate [the Franchise Agreement] . . . when . . . you discontinue operating the Facility as a 'Ramada' . . . ."))

[4] (*See* Franchise Agreement § 12.1 ("If we terminate this Agreement under Section 11.2, or you terminate this Agreement . . . . you will pay us within 30 days following the date of termination, as Liquidated Damages, an amount equal to the sum of accrued Royalties and RINA Services Assessment Fees during the immediately preceding 24 full calendar months . . . .")

[5] (*See* Guaranty ("Upon default by Franchisee and notice from you we will immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of franchisee under the Agreement."))

[6] An unjust enrichment claim must fail where an express contract governs the relationship between the parties on the same subject matter. *See In re Phillips/Magnavox Television Litig.*, No. CIV.A. 09-3072 PGS, 2010 WL 3522787, at *10 (D.N.J. Sept. 1, 2010); *Moser v. Milner Hotels, Inc.*, 6 N.J. 278, 280 (1951)) ("It is a well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject." (internal quotation marks omitted)). Therefore, because a valid contract governs Khan Hotels' obligation to pay damages and fees, I will dismiss Count 4.

*Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against Khan Hotels, Rashad, and Iram, and I will grant the motion for default judgment against all three defendants.

### III. Remedies

Ramada seeks two main categories of compensation, totaling $125,078.13. (*See* Fenimore Aff. ¶¶ 17, 24–26) Specifically, Ramada seeks (a) $70,969.89 in unpaid Recurring Fees and interest, and (b) $54,108.24 for Liquidated Damages and interest ($45,269.52 plus $8,383.72 in interest). (*Id.*) In the alternative to Liquidated Damages, Ramada seeks actual damages "in an amount to be determined at trial, together with interest, attorney's fees, and costs of suit." (Compl. ¶¶ 36, 49).

Ramada has submitted documentary evidence in support of its demands, while the defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

I will grant Ramada's request for liquidated damages, calculated

pursuant to a provision in the Franchise Agreement. Because Ramada requests actual damages in the alternative to liquidated damages, I will deny Ramada's request for actual damages. I will also deny Ramada's request for an accounting of profits by Khan Hotels (Count 1), as liquidated damages moot the need to determine actual damages, and thus the need for proof of same.

Liquidated damages, provided for under the terms of the Franchise Agreement pursuant to a specified formula, are meant to replace the income that Ramada would have received if not for premature termination of the License Agreement. (Fenimore Aff. ¶ 19; *see also* Franchise Agreement § 12.1 ("Liquidated Damages are paid in place of our claims for lost future Recurring Fees under this Agreement")) Section 12.1 of the Franchise Agreement obligates Khan Hotels to pay "the sum of accrued Royalties and RINA Services Assessment Fees during the immediately preceding 24 full calendar months (or the number of months remaining in the unexpired Term (the "Ending Period") at the date of termination, whichever is less)." (Franchise Agreement, § 12.1, *see also id.* Appendix A p. 29 (defining Liquidated Damages)) The number of "months remaining in the unexpired Term," by the Court's calculation, are roughly 134, or over eleven years. Thus, the governing collection period would be 24 months—the lesser number. Royalties and RINA Services Assessment Fees are calculated pursuant to formulas specified in Sections 7.1.1 and 7.1.2 of the Franchise Agreement.[7]

The validity of a Liquidated Damages clause depends upon whether it reasonably forecasts the harm resulting from the breach. Where the harm (as here) is future harm, the parties may settle on a dollar amount or formula that approximates the likely loss. *See Wasserman's Inc. v. Middletown*, 645 A.2d

---

[7] Section 12.1 further states: "Before the Ending Period, Liquidated Damages will not be less than the product of $2,000 multiplied by the number of guest rooms you are then authorized to operate under Schedule B of this Agreement, as amended." Khan Hotels was authorized to operate 69 rooms. (Franchise Agreement, Schedule B, p. 34; Compl. ¶ 10). Liquidated Damages under this formula would be $138,000. I am not convinced this amount would be reasonable under to the legal standard discussed *infra*. At any rate, Ramada seeks only to collect Liquidated Damages calculated under the 24-month formula. (Fenimore Aff. ¶ 23)

10

100, 106 (N.J. 1994); *Monsen Eng'g Co. v. Tami-Githens, Inc.*, 530 A.2d 313, 318 (N.J. Super. Ct. App. Div. 1987). The amount, however, must be reasonable:

> Damages for breach of either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

*Restatement (Second) of Contracts* § 356(1) (1981) (quoted in *Wasserman*, 645 A.2d at 108.)

The Court may examine the reasonableness of a liquidated damages clause "either at the time of contract formation or at the time of the breach." *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123, 1128 (N.J. Super. Ct. App. Div. 1998) (quoting *Wasserman's Inc.*, 645 A.2d at 107). Whether an unambiguous liquidated damages clause is valid and enforceable is a question of law for the court. *Naporano*, 706 A.2d at 1127 (citing *Wasserman's*, 645 A.2d at 110). See also *Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc.*, No. CIV. 03-799 (WHW), 2005 WL 2656676, at *10 (D.N.J. Oct. 18, 2005).

I consider the reasonableness of this liquidated damages provision "at the time of the breach," see *Naporano, supra*, when the agreement had over eleven years to run. I find it reasonable that the formula Ramada uses limits Liquidated Damages to a pre-determined collection of fees from the lesser of 24 months or the months remaining in the term of the Franchise Agreement. I am satisfied that a maximum period of two years compensates Ramada for the lost benefit of the bargain without awarding it a windfall by permitting it to sit back and collect without establishing that it has attempted to mitigate damages. *Cf. Sommer v. Kridel*, 378 A.2d 767, 768 (N.J. 1977) (where tenant abandons apartment, landlord cannot simply sue for the rent payable for balance of lease term, but must make reasonable efforts to re-let the apartment).

I will therefore grant Ramada's request for Liquidated Damages in the amount of $54,108.24, which includes $45,269.52 in damages plus interest at a 1.5% monthly interest rate, as specified in Section 7.3 of the Franchise

Agreement, calculated from September 30, 2015 (30 days after termination (*See* Franchise Agreement § 12.1)) to October 3, 2016 (the return date for Ramada's motion for default judgment).

While it is usually a plaintiff's claim for liquidated damages that is unreasonable, here it is Ramada's request for Recurring Fees that gives me pause. Ramada has documented recurring fees (and interest thereon, also calculated at a 1.5% monthly rate) in the amount of $70,969.89. (Fenimore Aff. ¶ 17, Ex. A § 7, Ex. D, Ex. E) But the itemized statement Ramada submits to support this amount itemizes various charges accruing from September 2014 through February 2016 (*Id.* Ex. D). Neither Ramada's complaint nor supporting papers clarify this inconsistency.

Ramada submits no explanation as to why it should receive Recurring Fees or other charges amassed over the 17 months *following* termination of the Franchise Agreement. And provisions of the Franchise Agreement are vague as to whether the defendants are obligated to pay any post-termination fees. (*See, e.g.*, Franchise Agreement § 7.1 (obligating Khan Hotels to pay Recurring Fees during the "Term" (i.e., the effective period of the Franchise Agreement) and to pay amounts owed, including Recurring Fees); § 13.2 (obligating Khan Hotels to pay all amounts owed under the Franchise Agreement within 10 days after termination). *But see* § 5 (giving Ramada or Khan Hotels the right to terminate, without cause, after five or ten years); § 18.1 (giving either the right to terminate the agreement on 90 days' notice, without cause and without penalty of Liquidated Damages)).

Even if the provisions were clear, because the purpose of Liquidated Damages is to compensate Ramada for lost Recurring Fees it otherwise would have received but for premature termination (and Ramada expressly acknowledges this (Fenimore Aff. ¶¶ 18–19)), I see no reason why Ramada should recoup duplicative post-termination Recurring Fees. Permitting such double recovery would push the Liquidated Damages perilously close to a penalty, unenforceable under New Jersey law. *See In re Plywood Co. of Pa.*, 425

12

F.2d 151, 155 (3d Cir. 1970) (explaining that "[o]ne way to contest a liquidated damage clause is to contend that a clause labeled 'liquidated damages' is in fact a 'penalty' and therefore void and unenforceable," and determining that a landlord's request for liquidated damages as well as "further damages 'in lieu of rent'" is an "attempt at a double recovery [with] indicia of a penalty"); *MetLife Capital Fin. Corp. v. Washington Ave. Assocs. L.P.*, 159 N.J. 484, 493, 732 A.2d 493, 498 (1999) ("Enforceable stipulated damages clauses are referred to as 'liquidated damages,' while unenforceable provisions are labeled 'penalties.'"); see also *Travelodge Hotels, Inc. v. S.S.B. & Assocs., LLC*, No. 14-CV-883 KM, 2015 WL 4530432, at *10 (D.N.J. July 27, 2015) (denying Lanham Act infringement damages that would be duplicative of liquidated damages because both would compensate franchisor for the lost benefit of its franchise agreement, post-termination, and as measured by recurring fees).

I will therefore deny Ramada's request for $70,969.89 in unpaid Recurring Fees and interest, to the extent the requested amount reflects post-termination charges.

Because Ramada's request for post-termination charges might simply be an erroneously labeled request for outstanding pre-termination charges,[8] I will grant Ramada leave to file with this Court a supplemental application to amend the judgment to include outstanding Recurring Fees accrued *before* the August 4, 2015 termination.

The total judgment awarded is, therefore, $70,969.89. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

---

[8] The notice of termination Ramada sent to Khan Hotels suggests that Khan Hotels did owe fees at the time; it requests, as of August 4, 2015, $43,749.46 in charges and fees, including Recurring Fees, as well as $326.00 for termination of an addendum agreement. (Fenimore Aff. Ex. C) It might be reasonable to award Ramada these sums as well, but I decline to do so without further evidence or explanation.

13

## CONCLUSION

For the foregoing reasons, the motion is granted as to defendants Khan Hotels, Rashad, and Iram, and a default judgment will be entered against defendants Khan Hotels, Rashad, and Iram, and in favor of plaintiff Ramada in the total amount of $70,969.89, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

Ramada may submit, within 30 days, a supplemental certification and supporting exhibit(s) showing outstanding amounts Ramada owed, if any, as of August 4, 2015, and has not yet paid.

An appropriate order and judgment will issue.

_____
KEVIN MCNULTY, U.S.D.J.

Date: January 13, 2017

14